**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| AUTOMOTIVE FINANCE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-00053-DRH |
| | ) | |
| KING AUTO SALES, INC. and | ) | |
| MARK SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL CONSENT JUDGMENT

This matter having come before the Court pursuant to the *Verified Complaint for Order of Replevin and Other Relief* (the "Complaint") filed by Plaintiff Automotive Finance Corporation ("Plaintiff") in this action against Defendant King Auto Sales, Inc. ("King") and Defendant Mark Scott ("Scott," and together with King, the "Defendants"); the parties having reached a resolution with respect to the aforementioned Complaint and *Plaintiff AFC's Motion for Ex Parte Order for Immediate Possession and Delivery (Replevin)* and the corresponding *Order of Replevin* entered in this action on January 20, 2009 (the "Order of Replevin"); the Court, after reviewing the record as a whole and otherwise being fully advised in the premises, finds good cause to enter the following relief:

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a Judgment is entered in favor of Plaintiff Automotive Finance Corporation and against Defendant King Auto Sales, Inc. on Counts II and III of the Complaint and against Defendant Mark Scott on Count IV of the Complaint, jointly and severally, in the amount of $136,539.74, constituting $99,478.19 for principal and interest and fees under Promissory Note Security Agreement dated July 21, 1999, as amended from time to time by the parties, through March 11,

2009, and $37,061.55 for Plaintiff's costs of collection and attorneys' fees ($41,735.57 minus $4,674.02 applied from excess proceeds from repossessed vehicle collateral); plus additional interest that will continue to accrue on said Judgment as provided in the Promissory Note Security Agreement.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a Judgment in Replevin is entered in favor of Plaintiff Automotive Finance Corporation and against Defendant King Auto Sales, Inc. on Count I of the Complaint, and in conjunction with said Judgment in Replevin, Plaintiff is entitled to immediate possession of any and all collateral (the "Collateral") subject to the security interest granted to Plaintiff in the Promissory Note Security Agreement, which includes but is not limited to all equipment, inventory, now owned and hereafter acquired, including the Vehicle Collateral (as defined in the Complaint), accounts, chattel paper, general intangibles, books and records of the King Auto Sales, Inc., and all proceeds therefrom.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to the foregoing Judgment in Replevin, the U.S. Marshal (a) is hereby authorized to seize and take custody and control of the Collateral (including but not limited to the Vehicle Collateral), wherever it may be located, and place the Collateral in the custody and control of Plaintiff so that Plaintiff can conduct a foreclosure sale of said Collateral in accordance with Plaintiff's rights under the Promissory Note Security Agreement, and (b) in seizing and taking custody and control of the Collateral pursuant to this Order, may use whatever force is reasonably necessary, including without limitation gaining entry to any locked or secured premises using any or all means reasonably necessary to effectuate this Judgment in Replevin.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that notwithstanding anything herein to the contrary, Plaintiff shall be stayed from seeking to enforce this Judgment up through and including the close of business on March 31, 2010—and the U.S. Marshal shall not carry out this Judgment until after March 31, 2010—***provided*** that Defendants timely and fully satisfies the following obligations (collectively, the "Stay Obligations"): (a) Defendants pay Plaintiff at a rate sufficient to payoff at least one vehicle per week at or before 4:00 p.m. on Friday of each which commencing on March 13, 2009 and continuing until all vehicles are paid for in full on or before August 28, 2009, with interest which will continue to accrue from March 11, 2009, at the contract rate until such vehicles are paid in full (a list of the vehicles with the pay off for the vehicle as of March 11, 2009, attached hereto); and (b) all other obligations owed by King and Guarantor to AFC that are not otherwise required to be paid hereunder by the Defendants, including but not limited to any costs of collection and attorneys' fees incurred by AFC, shall be paid in full on or before March 31, 2010, by making monthly payments of at least $5,500 by the last day of September, 2009, $5,500 by the last business day of October, 2009, $5,500 by the last business day of November, 2009, $5,500 by the last business day of December, 2009, $5,500 by the last business day of January, 2010, $5,500 by the last business day of February, 2010, and $4,061.55 by the last business day of March, 2010. In the event that Defendants should fail to make a weekly payment of at least one vehicle per week, Defendants shall be permitted to cure such deficiency by providing advance notice to AFC prior to missing a weekly payment, and Defendants shall have until the following Friday at 4:00 p.m. to cure the deficiency in addition to making its regular weekly payment of at least one vehicle. Defendants will only be permitted this right to cure one time during any four-week period. Provided that all payments are timely made hereunder, the late fees that have accrued and will

continue to accrue on each vehicle shall not exceed three months of late fees, which three late fees along with other contract fees are incorporated into the payoff amounts for the vehicles in the list attached hereto.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that in the event that Defendants fail to timely and fully pay the Stay Obligations set forth above, Plaintiff may seek to enforce this Judgment in Replevin immediately, and before the December 31, 2009 expiration of the above-referenced stay period, by submitting an appropriate request for writ of execution to the Clerk of the Court.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Judgment shall supersede the Order of Replevin entered in this action on January 20, 2009, and in conjunction with the entry of this Consent Judgment, the Clerk of the Court is hereby directed to release the Replevin Bond filed by Plaintiff in this action.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** this Consent Judgment is hereby deemed a "final" judgment adjudicating all of the claims and the rights and liabilities in this action.

IT IS SO ORDERED.

Dated April 2, 2009

/s/     *DavidRHerndon*
United States District Judge

CONSENTED AND AGREED TO:

THOMPSON COBURN LLP

By    */s/ Brian W. Hockett*                /s/ *Donald M. Samson*
    William R. Bay, 06181670           Donald M Samson
    wbay@thompsoncoburn.com      226 W Main St
    Todd A. Rowden, 06201929        Suite 102
    trowden@tcfhlaw.com               Belleville, IL 62220
    Brian W. Hockett, 06281854        (618) 235-2226
    bhockett@thompsoncoburn.com   dnldsamson@yahoo.com
    One U.S. Bank Plaza
    St. Louis, MO 63101                 Attorney for King Auto Sales, Inc.
    314-552-6000
    FAX 314-552-7000

Attorneys for Plaintiff Automotive Finance     */s/ Mark Scott*
Corporation                                         Mark Scott, individually, as guarantor

| Year | Model | Color | VIN | Stock # | Payoff as of 3/11/09 |
|---|---|---|---|---|---|
| 2000 | EXPEDITION | WHITE | 1FMPU18L8YLB37894 | 2918 | $2,818.82 |
| 1993 | PROWLER | WHITE | 1EC5N2722P4248354 | 2921 | $1,368.50 |
| 2002 | TRAILBLAZER | WHITE | 1GNET16S426102808 | 2927 | $3,816.06 |
| 2002 | EXPEDITION | RED | 1FMPU18L62LA55363 | 2928 | $3,534.58 |
| 2001 | MONTE CARLO | SILVER | 2G1WX15KX19234670 | 2929 | $2,901.32 |
| 2002 | GRAND AM | RED | 1G2NF52F52C128520 | 2931 | $2,666.99 |
| 1997 | SUBURBAN | GREEN | 3GKFK16R9VG512041 | 2938 | $1,438.81 |
| 2004 | GRAND PRIX | WHITE | 2G2WS522141329689 | 2943 | $6,088.09 |
| 2001 | NEW BEETLE | BLACK | 3VWCS21C61M423527 | 2947 | $3,340.29 |
| 2002 | IMPALA | BROWN | 2G1WH55K329245757 | 2955 | $4,100.37 |
| 2001 | EXPLORER SPORT | SILVER | 1FMZU67E91UC60824 | 2956 | $4,457.46 |
| 2000 | LS | MAROON | 1LNHM86S8YY793149 | 2959 | $1,600.74 |
| 2002 | ECONOLINE | WHITE | 1FTRE14272HB21106 | 2962 | $2,141.77 |
| 2002 | LESABRE | WHITE | 1G4HP54K324108238 | 2963 | $1,553.64 |
| 2004 | VIBE | RED | 5Y2SL62874Z413573 | 2975 | $2,782.54 |
| 2000 | MUSTANG | WHITE | 1FAFP4445YF219335 | 2976 | $3,001.33 |
| 2006 | GRAND PRIX | GREY | 2G2WP552061267279 | 2977 | $5,280.09 |
| 2005 | GRAND PRIX | WHITE | 2G2WP522X51338247 | 2978 | $5,829.62 |
| 2000 | 3.5RL | GOLD | JH4KA9658YC005663 | 2979 | $2,388.42 |
| 2002 | EXPLORER | BLUE | 1FMZU74W22ZA81497 | 2980 | $4,658.16 |
| 2001 | DEVILLE | GREY | 1G6KF57961U177710 | 2984 | $3,795.09 |
| 2001 | DEVILLE | WHITE | 1G6KD54Y71U205452 | 2987 | $2,479.23 |
| 2003 | CTS | BLUE | 1G6DM57N030169267 | 2990 | $5,787.73 |
| 2001 | SUBURBAN | GREY | 3GNFK16T81G271615 | 2991 | $5,818.83 |
| 2002 | MONTE CARLO | BLACK | 2G1WX15K629302173 | 2995 | $5,437.50 |
| 2005 | 300 | MAROON | 2C3AA53G85H167897 | 2996 | $7,760.76 |
| 2004 | GRAND PRIX | GREY | 2G2WR524541288500 | 2997 | $2,631.45 |

The payoff amounts reflected on this list include interest through March 11, 2009, and fees and up to three late fee charges. Interest on these vehicles will continue to accrue at the contract rate from March 11, 2009 until paid in full.